UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

      DALE E. ANDERSON,               10-11161 B

          Debtor           DECISION & ORDER
----------------------------------------------------

      Tracy Hope Davis
      United States Trustee/Region 2
      By: Joseph W. Allen, Esq.
      Assistant United States Trustee
      300 Pearl Street, Suite 401
      Buffalo, New York 14202

      Peter D. Grubea, Esq.
      482 Delaware Avenue
      Buffalo, New York 14202
      Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

     The Office of the United States Trustee has moved to dismiss this Chapter 7 case as an abusive filing under 11 U.S.C. § 707(b). Although he concedes income at a level that would satisfy the statutory requirement for a finding of abuse, the debtor asserts that his special circumstances should rebut that presumption, and that in any event, the court should exercise discretion to deny the motion for dismissal.

     Dale E. Anderson filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 26, 2010. In schedules submitted with that petition, Anderson disclosed that he resided with a girl friend and that he himself earned monthly gross wages of $7,219.29. Anderson did not disclose his companion's income on the schedules, although he testified at the meeting of creditors that she earned approximately $100,000 annually. The schedules report unsecured debt of more than $212,000, of which the majority represents cash advances on credit cards.

The debtor has represented that he used most of that money to fund a series of loans to an acquaintance who may not now have the ability to repay.

Section 707(b)(1) of the Bankruptcy Code states the general rule regarding the dismissal of a Chapter 7 case for reasons of abuse:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee . . . or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter. . . .

The standard of abuse is then separately defined by subdivisions (b)(2) and (b)(3) of section 707.  In the present instance, the Office of the United States Trustee asserts that dismissal is warranted under either of these subdivisions.  Because the facts compel dismissal under section 707(b)(2), however, this decision does not consider the alternative grounds under section 707(b)(3).

Pursuant to 11 U.S.C. § 707(b)(2)(A), this court must presume abuse whenever the debtor's 60-month disposable income exceeds the limits specified by the statute.  To address issues of compliance with this means-test requirement, the debtor filed Form B22A.  Without consideration of any wages received by the debtor's girl friend, this form showed a presumption of abuse.  Indeed, in papers opposing the trustee's motion to dismiss, the debtor concedes that presumption. Rather, he responds with two arguments.  First, he asserts that the special circumstances of age should serve to rebut the presumption of abuse.  Second, he contends that because a liquidation of assets in Chapter 7 might facilitate a recovery for creditors, the court should exercise discretion to deny dismissal.

Rebuttal of Abuse Presumption

A debtor in Chapter 7 may rebut a presumption of abuse on grounds allowed

by 11 U.S.C. § 707(b)(2)(B), which states in relevant part as follows:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide – (I) documentation for such expense or adjustment to income; and (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.
> (iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause [a change in the calculations establishing a presumption of abuse].

In an affidavit, the debtor presents his age as a special circumstance that will rebut the presumption of abuse. At the time of his bankruptcy filing, Dale Anderson was 67 years old. Asserting that he is likely to retire sometime during the next sixty months, he anticipates a substantial reduction in income. Meanwhile, prior to retirement, he proposes to pay his entire net disposable income into a pension account, with the consequence that he would have no resources for repayment of creditors.

Special circumstances can arise at any age. Indeed, numerous bankruptcy cases involve individuals, often much younger that the debtor, who have encountered difficult medical or other personal problems. Thankfully, from all

indications, the debtor remains gainfully employed and in good health.  Essentially, his argument suggests that because he would like to retire in the near future, the court should excuse the consequences of his presumptive abuse of the bankruptcy code.  We reject this position.

If age were to cause a serious medical condition, then that medical condition might constitute a special circumstance that would rebut a presumption of abuse. By itself, however, the debtor's age does not excuse any obligation to creditors. Indeed, section 707(b)(2)(B)(i) states that in order to rebut a presumption of abuse, the special circumstance must "justify additional expenses or adjustments of current income for which there is no reasonable alternative."  Here, the reasonable alternative is to continue employment and to defer any additional pension contributions until after completion of a Chapter 13 plan.  The mere desire for retirement provides no excuse.  Nor should the debtor be allowed to augment his pension at the expense of creditors.  Having cited no medical or other reason why he cannot continue to work, the debtor fails to provide sufficient evidence of the type of special circumstance that would rebut the statutory presumption.

The issue before this court is whether the granting of a discharge would constitute an abuse of the bankruptcy process.  To rebut a presumption of abuse, therefore, the debtor must show special circumstances as of the day on which a discharge would be granted.  The court cannot predict future needs or calamities. But this much is certain: that the debtor was gainfully employed on the day of bankruptcy filing, that he continues his employment at the present time, and that his employment generates a current monthly income that compels a finding of abuse within the meaning of 11 U.S.C. § 707(b)(2)(A).  At some moment in the future, there may arise special circumstances that would rebut the presumption of

abuse.  Those special circumstances do not exist at the present instant in time, however, so that the presumption of abuse will prevail to compel a dismissal of the debtor's case.

Discretion to deny dismissal

Section 707(b)(1) states that the court "may dismiss a case" in which the granting of bankruptcy relief would constitute an abuse.  The debtor contends that by its use of the word "may," Congress allowed to the court discretion not to dismiss a case even when abuse is presumed to occur.  Further, the debtor argues that the bankruptcy estate includes assets that a Chapter 7 trustee is likely to administer.  On the other hand, if the case converts to Chapter 13, the debtor will propose to budget additional contributions to his pension account.  Consequently, Anderson asserts that a Chapter 13 plan might provide a distribution that is no greater than what creditors would receive in Chapter 7.  With no assurance that creditors would realize a better result in Chapter 13, the debtor urges that the court allow the case to remain in Chapter 7.

The debtor proposes too narrow an interpretation of section 707(b)(1). When read in its totality, this section provides that in the instance of an abusive filing, the court "may dismiss a case . . . or, with the debtor's consent, convert such a case to a case under Chapter 11 or 13."  Thus, the discretion lies not in allowing the debtor to remain in Chapter 7, but in choosing between dismissal or a conversion to Chapter 11 or 13.  Because section 707(b)(2) requires a presumption of abuse, the court has no discretion but either to dismiss this case or to allow its conversion.

Even if this court could exercise discretion to allow the administration of a presumptively abusive case, I would not here employ that option.  Pursuant to 11

U.S.C. § 1325(a)(4), a Chapter 13 plan must generally distribute to unsecured creditors at least the amount that would be distributed in Chapter 7.   In addition, however, a Chapter 13 plan must account for all of the debtor's projected disposable income over the course of an applicable commitment period.  *See* 11 U.S.C. § 1325(b)(i)(B).  Pursuant to 11 U.S.C. §1325(b)(2), "disposable income" means "current monthly income," and pursuant to 11 U.S.C. §101(10A), "current monthly income" includes any amount paid by the debtor's girl friend for household expenses on a regular basis.  In the present instance, the debtor refused to report the income and expenses of his girl friend on the schedules filed with the bankruptcy petition.  Without knowledge of the entire household income and expenses, we are unable to determine the limits of a plan that would satisfy the requirements for confirmation in Chapter 13.  For this same reason, we are unable to determine whether the household's disposable income might compel a Chapter 13 distribution greater than the net liquidation value of outstanding assets.  Accordingly, the debtor merely speculates in his comparison of outcomes as between Chapter 7 and Chapter 13.  Without speculation, however, the United States Trustee has correctly calculated that the debtor's own salary will by itself establish a "current monthly income" sufficient to support a presumption of abuse under 11 U.S.C. § 707(b)(2).

The debtor is unable to show that creditors would receive in Chapter 7 at least as much as under a Chapter 13 plan.  Perhaps Anderson is correct in his further assertion that plan confirmation would encounter two special problems: that the debtor's companion would likely refuse to disclose income information needed to determine compliance with the disposable income requirements of section 1325(b), and that a Chapter 13 trustee might have difficulty establishing the liquidation value of outstanding loans that Anderson gave to a third party.

However, such challenges provide no justification to avoid the statutory require-
ments designed to assure that debtors of sufficient means pay an appropriate
portion of their income as a condition for obtaining a discharge in bankruptcy.   In
any event, the Chapter 13 trustee for this district is fully skilled in guiding the
debtor through difficult challenges of plan confirmation.   Accordingly, without
acknowledging the authority to exercise such discretion, I find no justification to
disregard the mandate for dismissal or conversion to Chapter 13.

Conclusion

For the reasons stated herein, this court grants the motion of the United
States Trustee to dismiss the bankruptcy petition of Dale E. Anderson.   If the
debtor wishes to resolve his liabilities through means of a structured plan, he may
convert this matter into a proceeding under Chapter 13.   To allow for that
possibility, this Order of Dismissal shall be effective on the fourteenth day after its
entry, and then only if the debtor fails to complete the conversion of this case.

So ordered.

Dated:      Buffalo, New York          /s/      CARL L. BUCKI
            March 21, 2011             Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Case 1-10-11161-CLB   Doc 55   Filed 03/21/11   Entered 04/04/11 15:59:44   Desc Main
Document    Page 7 of 7